# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GAGE L. SMITH,

        Petitioner,    :    Case No. 2:24-cv-2368

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

STEPHEN REYNOLD, WARDEN,
 Grafton Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Gage Smith to obtain relief from his conviction in the Muskingum County Court of Common Pleas and consequent imprisonment in Respondent's custody. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 10), and the Return of Writ (ECF No. 11). The Court previously notified Petitioner that his deadline for filing a reply to the Return was August 23, 2024, but he has not filed a reply.

**Litigation History**

On February 16, 2022, the State of Ohio charged Petitioner with three felonies: Identity Fraud of an Elderly or Disabled Person, in violation of Ohio Revised Code § 2913.49(B)(1)(Count One), Theft from an Elderly or Disabled Person, in violation of Ohio Revised Code §

1

2913.02(A)(1)(Count Two), and Possession of Drugs, (Methamphetamine), in violation of Ohio Revised Code § 2925.11(A)(Count Three)(Information, State Court Record, ECF No. 10, Ex. 1). The alleged victim was Petitioner's father Douglas Smith; the loss, $46,846.51.  On the same day Petitioner waived indictment and pleaded guilty to all counts. *Id.*, Ex. 2.  He was then sentenced to the term of incarceration he is now serving. *Id.*, Ex. 3.

In June, 2022, Petitioner was granted a delayed appeal by the Ohio Fifth District Court of Appeals which affirmed the conviction. *State v. Smith,* 2023-Ohio-598 (Ohio App. 5th Dist. Mar. 1, 2023).  The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Smith*, 170 Ohio St.3d 1481 (2023).

On May 22, 2023, Petitioner filed an Application to Re-Open the Appeal under Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel (Application, State Court Record, ECF No. 10, Ex. 12).  The Fifth District declined to reopen the case. *Id.* at Ex. 13. The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Smith,* 171 Ohio St.3d 1456 (2023).

Smith filed his habeas corpus Petition in this Court on March 14, 2024, pleading five grounds for relief:

> **Ground One:** Petitioner's constitutional and due process rights were violated when the trial court incorrectly stated the max penalty and thereafter accepted guilty plea. The trial court erred when accepting the petitioner's plea of guilty after incorrectly stating the maximum penalty of Ohio Crim. R. 11(C)(2)(A) in violation of the petitioner's right to due process guaranteed by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution
>
> **Ground Two:** The trial court erred when it sentenced the petitioner to 6 years as it was disproportionate to the crime and in conflict with the principles of the statute.

2

>**Ground Three**: Appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the State's case concerning the State's burden of proof as to whether the victim was disabled and/or in a protective class.
>
>**Ground Four**: Appellate counsel was ineffective for failing to assign as error trial court's abuse of discretion when it prejudicially inflated the restitution amount that Appellant Smith owes in this instant case.
>
>**Ground Five**: Appellate counsel was ineffective for failing to assign as error trial counsel's ineffectiveness for his failure to fulfill his adversarial role to the State's case with the failure to fully investigate Appellant's case prior to trial, failure to interview potential witnesses, prepare for trial and obtain evidence for appellant to present at trial.

(Petition, ECF No. 1).

## Analysis

**Ground One:  Void Guilty Plea:  Maximum Fine Misstated**

In his first Ground for Relief, Smith asserts his plea of guilty was not knowing, intelligent, and voluntary because the trial court orally misstated the maximum fine amount.

Respondent agrees this claim was fairly presented to the Ohio courts and therefore no procedural default bars its consideration on the merits.  The Fifth District Court of Appeals considered this claim as the first assignment of error on direct appeal and decided it as follows:

>{¶11} In his first assignment of error, Appellant argues that the trial court erred in accepting his guilty plea. We disagree.
>
>{¶12} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional

3

under both the United States Constitution and the Ohio Constitution." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶13} Crim.R. 11 governs rights upon plea. Subsection (C)(2) states the following:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
>> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>>
>> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶14} The standard for a trial court's Crim.R. 11 non-constitutional notifications under (C)(2)(a) and (b) is substantial compliance; the standard for Crim.R. 11(C)(2)(c) constitutional notifications is strict compliance. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶15} The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant

4

cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

*3 {¶16} The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26 (post-release control is a non-constitutional advisement).

{¶17} In *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), the Supreme Court of Ohio explained the following:

> Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Stewart* [*State v.,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977)]*, supra; State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart, supra,* 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made.

*Id.*

{¶18} When reviewing a plea's compliance with Crim.R. 11(C), we apply a *de novo* standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990); *State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶ 9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶ 7.

{¶19} The court can look to the totality of the record to determine whether that defendant was meaningfully informed of the specific rights. *State v. Ballard,* 66 Ohio St.2d 473, 480-482, 423 N.E.2d 115 (1981).

>{¶20} In the instant case, Appellant asserts the trial court failed to correctly advise him of the maximum potential fine.
>
>{¶21} Here at the plea hearing, the trial court initially advised Appellant the maximum fine for Count Two was $15,000, but then when reviewing the plea form which stated that the maximum fine was $50,000.
>
>{¶22} Upon review, we find that R.C. § 2913.02(B)(3) provides: ... If the victim of the offense is an elderly person, in addition to any other penalty imposed for the offense, the offender shall be required to pay full restitution to the victim and to pay a fine of up to fifty thousand dollars.
>
>{¶23} Upon review, we conclude that in light of the foregoing analysis, the trial court substantially complied with Crim.R. 11(C)(2)(a), and an additional analysis of prejudice is unnecessary. Although clearly the prospect of a maximum fine of $15,000 as opposed to $50,000 would be a factor weighing heavily in favor of a plea. Furthermore, no fine was imposed by the trial court.
>
>{¶24} Appellant's first assignment of error is overruled.

*State v. Smith,* 2023-Ohio-598 (Ohio App. 5th Dist. Mar. 1, 2023).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer,* 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Petitioner has not met his burden of showing that the Fifth District's decision is an

unreasonable application of the governing U.S. Supreme Court precedent on acceptance of a guilty plea. A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397U.S. at 749.

Smith has also not shown the Fifth District's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. The transcript of the plea proceedings clearly supports the Fifth District's findings and Smith has presented no evidence to question the accuracy of the transcript.

Petitioner's First Ground for Relief should be dismissed with prejudice.

**Ground Two:  Improper Sentence**

In his Second Ground for Relief Petitioner "asserts that the factors used by the trial court in determining Petitioner Smith's sentence was in error and should not have been used by the trial court against the Petitioner Smith in the determination of Petitioner Smith's length of sentence pursuant to R.C.§2929.11 and R.C. §2929.12." (Petition, ECF No. 1, PageID 28).

The question of whether a given state criminal sentence conforms to the State's sentencing statutes is purely a question of state law unless a trial court exceeds the statutory maximum prescribed by statute.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Petitioner cites *State v. Arnett,* 88 Ohio St.3d 208 (2000), for the proposition that "[i]t is a violation of an individual's constitutional right to due process guaranteed by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution when a trial court imposes a sentence in contravention of the sentencing statutes." (Petition, ECF No. 1, PageID 30).  The stated proposition does not appear in *Arnett*.

Even assuming that the trial court violated the Ohio sentencing statutes which the Fifth

District held it did not, violation of state law is not *per se* a violation of the United States Constitution. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Under the Eighth Amendment the Supreme Court applies a very narrow proportionality principle in evaluating sentences. *Harmelin v. Michigan,* 501 U.S. 957, 997-998 (1991). The Fifth District disposed of Smith's gross disproportionality claim summarily: "Upon review, we find Appellant has failed to show by clear and convincing evidence that his sentence is not supported by the record, or that it is grossly disproportionate to the crime such that it shocks the sense of justice in the community." *State v. Smith*, 2023-Ohio-598, ¶ 41. Smith has not shown this is an unreasonable application of *Harmelin*. Petitioner's Second Ground for Relief should therefore be dismissed.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error the ineffective assistance of his trial counsel for failing to force the State to meet its burden of proving the victim was disabled and/or a member of a protected class.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was

9

> not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372,

379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

The Sixth Amendment guarantees the effective assistance of counsel to all criminal defendants charged with jailable offenses. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).

*Strickland, supra,* provides the standard governing ineffective assistance claims at both the trial and appellate levels. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).

The Fifth District Court of Appeals decided this claim when considering Petitioner's 26(B) Application. It found the claim had no merit:

> Upon review, we find Appellant entered a plea of guilty to a Bill of Information in this case. We find no merit in Appellant's argument that his counsel was ineffective. Appellant has failed to demonstrate that his counsel was incompetent or that he suffered prejudice as a result of his counsel's decisions. We further do not find that Appellant has established that the result of the proceedings would have been different.

(Opinion, State Court Record, ECF No. 10, Ex. 13, PageID 151).

The Magistrate Judge concludes this is a reasonable application of *Strickland.* The question of whether the victim in this case was elderly and/or a member of a protected class is a question of fact. When Petitioner pleaded guilty, he admitted the facts included in the Information, to wit that his father, Douglas Smith, was an elderly person or disabled (Information, State Court Record ECF No. 10, Ex. 1, PageID 13). The State obviously does not have to prove facts admitted by a defendant. Because Petitioner admitted the relevant facts – that the victim was either elderly or disabled – there was no basis to contest that fact. Hence it was not ineffective assistance of trial

11

counsel to fail to contest and not ineffective assistance of appellate counsel to fail to complain about the lack of contestation. Ground Three should be dismissed with prejudice.

**Ground Four: Ineffective Assistance of Appellate Counsel: Failure to Claim Abuse of Discretion in Trial Court Restitution Setting**

In his Fourth Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not plead as an assignment of error the trial court's prejudicial inflation of the restitution amount. The Fifth District denied this claim summarily with the same words it used to reject the disproportionate sentencing claim.

The amount of restitution ordered by the trial court was $46,846.51 (Judgment Entry, State Court Record, ECF No. 10, Ex. 3, PageID 23). That amount exactly duplicates the amount in the Waiver and Plea Agreement that Defendant agreed to pay as restitution (Waiver, State Court Record, ECF No. 10, Ex. 2`, PageID 18). Petitioner now claims that amount was arrived at by adding balances from two credit card accounts he opened by fraudulently using his father's identity. (Petition, ECF No. 1, PageID 44-45). However, he points to no place in the record on appeal where those facts are corroborated.

A trial judge does not abuse his or her discretion by imposing an amount of restitution to which a defendant has agreed. An appeal can only be based on the record before the appellate court. Ineffectiveness may not be argued by adding new matter to the record on appeal and then arguing counsel should have raised issues revealed by the added matter. *State v. Hooks*, 92 Ohio St. 3d 83 (2001). The Fifth District's decision on this issue is therefore a reasonable application of *Strickland*. Ground Four should be dismissed with prejudice.

**Ground Five: Ineffective Assistance Of Appellate Counsel: Failure To Assign Lack of Advocacy As Ineffective Assistance of Trial Counsel**

In his Fifth Ground for Relief, Petitioner asserts appellate counsel provided ineffective assistance by failing to assign as error a broad swath of omissions by trial counsel. He gives no details but asserts trial counsel did not fully investigate the case, interview potential witnesses, or obtain evidence.

Under Ohio law, constitutional claims which can be decided on the basis of the direct appeal record must be brought in that proceeding or be barred by *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175 (1967). On the other hand, claims that depend on evidence outside the appellate record must be brought in a proceeding on a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* The kinds of facts relied on by Petitioner in this claim for relief are obviously of the latter kind. For example, what investigation does Petitioner allege his lawyer did not do, what witnesses did he not interview and what were they prepared to say? Petitioner never filed a petition for post-conviction relief so he did not fairly present any claim based on those facts to the Ohio courts.

The Fifth District decided this claim with the same words it decided Petitioner's other claims of ineffective assistance of appellate counsel. The Magistrate Judge concludes the Fifth District's decision on this claim is also a reasonable application of *Strickland* because Petitioner has not pleaded any specific facts which are of record and on which a claim of ineffective assistance of trial counsel could be based on direct appeal. Ground Five should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

September 6, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge