IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| GAGE L. SMITH, | : | |
| Petitioner, | : | Case No. 2:24-cv-2368 |
| v. | : | District Judge Algenon L. Marbley |
| STEPHEN REYNOLD, WARDEN, | : | Magistrate Judge Michael R. Merz |
| Grafton Correctional Institution, | : | |
| Respondent. | : | |

# DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Amended Report and Recommendations ("Amended Report," ECF No. 15) recommending the Petition be dismissed. The case was brought *pro se* by Petitioner Gage Smith to obtain relief from his conviction in the Muskingum County Court of Common Pleas and consequent imprisonment in Respondent's custody.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Amended Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are **OVERRULED** for the reasons set forth below.

**Ground One: Void Guilty Plea: Maximum Fine Misstated**

In his first Ground for Relief, Smith asserts his plea of guilty was not knowing, intelligent, and voluntary because the trial court orally misstated the maximum fine amount. He

1

presented this claim on direct appeal and the Ohio Fifth District Court of Appeals rejected it on the merits. *State v. Smith,* 2023-Ohio-598 (Ohio App. 5th Dist. Mar. 1, 2023). The Amended Report concluded this was an objectively reasonable application of United States Supreme Court precedent and therefore entitled to deference under 28 U.S.C. § 2254(d) (Amended Report, ECF No. 15, PageID 305-07).

Petitioner objects as if Ground One had been an ineffective assistance of trial counsel claim; he claims his attorney, as opposed to the trial judge, provided him with misinformation that "coerced" him into pleading guilty (ECF No. 16, PageID 321). But he points to no place in the record where he has revealed what this misinformation from his lawyer was. It was not in the record on appeal, so the Fifth District could not have considered it. He never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which would have permitted him to add it to the record (See State Court Record, ECF No. 10). He cannot add it to the record now through an evidentiary hearing because this Court is limited to the record made in the state court. *Cullen v. Pinholster,* 563 U.S. 170 (2011); *Shinn v. Ramirez*, 596 U.S. 366 (2022).

Petitioner's Objections on Ground One are without merit and are hereby **OVERRULED.**

**Ground Two: Improper Sentence**

In his Second Ground for Relief Petitioner "asserts that the factors used by the trial court in determining Petitioner Smith's sentence was [sic] in error and should not have been used by the trial court against the Petitioner Smith in the determination of Petitioner Smith's length of sentence pursuant to R.C.§2929.11 and R.C. §2929.12." (Petition, ECF No. 1, PageID 28).

The Amended Report analyzed this claim as arising solely under Ohio sentencing law and therefore not cognizable in habeas corpus (Amended Report, ECF No. 15, PageID 307-09).

2

The Magistrate Judge also noted that Supreme Court precedent provides a very narrow standard under the Eighth Amendment for reviewing the proportionality of a sentence. *Id.*

Petitioner objects by incorporating all the objections he made as to Ground One and faulting the trial judge for not crediting his claims of remorse.  None of this argument shows that the issue is one of federal constitutional law.  Petitioner repeatedly says this is a due process issue, but cites no Supreme Court authority for a habeas court to overturn a state court sentence just because a petitioner believes he is remorseful and should have been sentenced to less time.

Petitioner's Objections on Ground Two are **OVERRULED.**

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error the ineffective assistance of his trial counsel for failing to force the State to meet its burden of proving the victim was disabled and/or a member of a protected class.

The Amended Report noted that Petitioner had raised this claim in his Application to Reopen his Direct Appeal and that the Fifth District Court of Appeals had found no merit to the claim (ECF No. 15, PageID 311).  The Magistrate Judge concluded this was a reasonable application of the governing standard for ineffective assistance of appellate counsel found in *Strickland v. Washington,* 466 U.S. 668 (1984). *Id.*

In his Objections, Petitioner fails to show any way in which the Fifth District's decision is an unreasonable application of Supreme Court precedent.  He merely recites general phrases about fairness and due process without connecting them in any way with his particular case.

Petitioner's Objections on Ground Three are **OVERRULED.**

**Ground Four: Ineffective Assistance of Appellate Counsel: Failure to Claim Abuse of Discretion in Trial Court Restitution Setting**

In his Fourth Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not plead as an assignment of error the trial court's prejudicial inflation of the restitution amount. The Magistrate Judge recommended dismissal of this claim because the amount of restitution imposed had been agreed upon by Petitioner (Amended Report, ECF No. 15, PageID 312-13).

Petitioner objects:

> The trial court was highly unfair, improper, and prejudicial in calculation Petitioner Smith's restitution amount in this instant case. The trial court erred in setting the restitution amount violating not only state law but also Petitioner Smith's constitutional and due process rights under the United States Constitution.

(Objections, ECF No. 16, PageID 334). Thus the Objections are in no way even remotely responsive to the Amended Report's finding that the amount of restitution imposed was precisely – to the penny – the amount Petitioner had agreed to. Petitioner's Objections on Ground Four are **OVERRULED**[1].

**Ground Five: Ineffective Assistance Of Appellate Counsel: Failure To Assign Lack of Advocacy As Ineffective Assistance of Trial Counsel**

In his Fifth Ground for Relief, Petitioner asserts appellate counsel provided ineffective assistance by failing to assign as error a wide number of omissions by trial counsel. The Magistrate Judge found Petitioner gave no details, but asserted generally that trial counsel did not fully investigate the case, interview potential witnesses, or obtain evidence. The Amended Report concluded the Fifth District's dismissal of this claim on the basis of lack of a factual basis

---

[1] This portion of the Objections show strong evidence of copying from someone else's case. Petitioner complains about "Petitioner Crespo's trial counsel's ineffective assistance" and "the search of Crespo's vehicle." (ECF No. 16, PageID 332-33). Petitioner's name is not Crespo and there are no search warrant issues in this case.

in the record was a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).

Petitioner's Objections consist of broad generalizations about due process and fail to point to any facts in the appellate record on which appellate counsel could have based a tenable claim. Petitioner's Objections on Ground Five are **OVERRULED.**

**Conclusion**

The Court having overruled all of Petitioner's Objections, the Magistrate Judge's Amended Report is **ADOPTED**. The Clerk shall enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT SO ORDERED.**

DATED: April 14, 2025

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**